UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>　　　　Defendant, | Case No.: _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND CONTRIBUTION** |

Plaintiff Continental Casualty Company ("Continental" or "Plaintiff"), for its Complaint against the above named defendant, alleges as follows:

### NATURE OF ACTION

1.　Continental brings this action pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment regarding the parties' rights and obligations in connection with commercial general liability policies issued to Valspar Corporation ("Valspar"). Valspar has tendered defense to its insurers of several lawsuits (collectively, the "Underlying Actions") against it by individuals alleging exposure to benzene allegedly contained in products manufactured or sold by Valspar. Each of the lawsuits purports to allege exposure and injury during policies issued by Valspar's insurers, including defendant National Union Fire Insurance Company of Pittsburgh ("National Union"), Continental and Valspar's other primary insurers. Subject to a reservation of rights, including the express right to seek and obtain contribution from Valspar's other insurers including National Union, Continental has provided a defense to Valspar in the Underlying Actions and has advanced payment of defense costs to Valspar pursuant to a loan receipt agreement. Continental has sought participation by and contribution from Valspar's other insurers in connection with the defense of Valspar in the Underlying Actions. Continental is

- 1 -

informed and believes that Valspar's other primary insurers (except National Union) agree to share the reasonable costs of defending Valspar in the Underlying Actions. Continental has demanded that National Union share in the cost of defending Valspar. National Union denies any duty to defend Valspar, refuses to share the cost of defending Valspar and refuses to reimburse Continental for defense costs advanced on Valspar's behalf in connection with the Underlying Actions. Continental seeks a declaratory judgment that National Union has a duty to defend Valspar under various commercial general liability policies issued by National Union to Valspar (the "National Union Policies") and is obligated to share the reasonable costs of defending Valspar in connection with the Underlying Actions. Continental also seeks contribution from National Union for sums advanced by Continental for defense costs incurred by Valspar in connection with the Underlying Actions.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between plaintiff and defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests.

3. This Court has personal jurisdiction over defendants in this matter.

4. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the claims at issue in this action occurred in this District.

5. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties in that Continental contends that National Union has a duty to defend Valspar for claims asserted against it in the Underlying Actions, and that Continental is therefore entitled to contribution from National Union for sums advanced by Continental in the defense of Valspar, while National Union contends that it has no such obligation to defend or to contribute to Valspar's defense.

## PARTIES

6. Plaintiff Continental is a corporation organized under the laws of Illinois, with its principal place of business in Illinois. Continental has legally transacted insurance business in

the State of Minnesota and within the geographical jurisdiction of the United States District Court for the District of Minnesota.

7.    Upon information and belief, Defendant National Union is a corporation organized under the laws of Pennsylvania, with its principal place of business in New York. National Union engages in the business of insurance in the state of Minnesota, and issued commercial general liability insurance to Valspar, which has its headquarters in the State of Minnesota.

## FACTUAL ALLEGATIONS

### Valspar's Insurance Program

8.    From at least 1963 or so to the present, Valspar purchased commercial general liability insurance from a number of insurers. Subject to their terms and conditions, the policies generally provide that the insurer has a right and duty to defend suits against the insured seeking damages because of bodily injury to which the insurance applies caused by an occurrence.

### The Continental Policies

9.    Continental issued the following primary commercial general liability policies to Valspar (the "Continental Policies"):

| Policy No. | Policy Period |
|---|---|
| CCP 739 49 14 | 01/01/71-01/01/72 |
| CCP 904 5050 | 01/01/72-01/01/73 |
| CCP 984 77 19 | 01/01/73-01/01/74 |
| CCP 984 90 33 | 01/01/74-01/01/75 |
| CCP 984-80-90 | 01/01/75-01/01/76 |

10.    Subject to all of their terms, conditions, and limitations, the Continental Policies provide that Continental "will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of [] bodily injury or [] property damage to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily

- 3 -

injury . . . ." See § 1 of Continental Policy CCP739-49-14, a true and correct copy of which is attached as Exhibit A hereto.

11. Each Continental Policy issued to Valspar contains identical or substantially similar language regarding the right and duty to defend.

### The National Union Policies

12. Upon information and belief, National Union provided primary commercial general liability insurance to Valspar beginning in 1990 and continuing through at least 2007 under the following policies:

| Policy No. | Policy Period |
|---|---|
| RMGL 2498248 | 05/01/90 - 05/01/91 |
| RMGL 4181711 | 05/01/91 - 05/01/92 |
| RMGL 3264209 | 05/01/92 - 05/01/93 |
| RMGL 1759305 | 05/01/93 - 05/01/94 |
| RMGL 3197456 | 05/01/94 - 05/01/95 |
| RMGL 1212135 | 05/01/95 - 05/01/96 |
| RMGL 0179036 | 05/01/96 - 05/01/97 |
| RMGL 1438457 | 05/01/97 - 05/01/98 |
| RMGL 1135945 | 05/01/98 - 05/01/99 |
| RMGL 6122716 | 05/01/99 - 05/01/00 |
| RMGL 6123477 | 05/01/00 - 05/01/01 |
| RMGL 6123477 | 05/01/01 - 05/01/02 |
| RMGL 6125312 | 05/01/02 - 05/01/03 |
| RMGL 6128582 | 05/01/03 - 05/01/04 |
| HDOG 21704957 | 05/01/04-05/01/05 |
| HDOG 21704957 | 05/01/05-05/01/06 |
| HDOG21732072 | 05/01/06-05/01/07 |

13. Subject to all of their terms, conditions, and limitations, the National Union

Policies provide that National Union "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. [National Union] will have the right and duty to defend any 'suit' seeking those damages." See § 1.a. of the National Union Policies, a true and correct copy of which is attached as Exhibit B hereto.

14.  Each National Union Policy issued to Valspar contains identical or substantially similar language regarding the right and duty to defend.

**Tender of The Underlying Actions**

    **A.**    **The *Piling* Action**

15.  By letter dated June 27, 2005, Valspar tendered to its insurers defense of an action against it, i.e., *James Piling et ux. v. American Can Co., et al. including The Valspar Corporation*, filed in Delaware state court (the "*Piling* Action"). (A true and correct copy of the June 27, 2005 letter (the "*Piling* Tender Letter") is attached as Exhibit C hereto.) Notice to National Union was provided through a third-party claims administrator, Gallagher Bassett Services, Inc. ("Gallagher Bassett").

16.  The *Piling* Action alleges exposure to benzene from approximately 1966 to 1985, which allegedly resulted in claimant's injury or disease including development of Acute Myelogenous Leukemia ("AML") with which he was diagnosed in 2004.

17.  Attached to the *Piling* Tender Letter is a schedule of insurance policies under which Valspar sought defense from its insurers. Schedule A to the *Piling* Tender Letter identifies policies issued by Valspar's insurers including policies listed above issued by Continental and by National Union. See Ex. D.

    **B.**    **The *Diorio* Action**

18.  By letter dated July 19, 2005, Valspar tendered to its insurers defense of an action against it, i.e., *John & Dorothy Diorio v. A.H. Wirz, et al. including The Valspar Corporation*, filed in Delaware state court (the "*Diorio* Action"). (A true and correct copy of the July 19, 2005 letter (the "*Diorio* Tender Letter") is attached as Exhibit E hereto.) Notice to National Union

was provided through Gallagher Bassett.

19. The *Diorio* Action alleges exposure to benzene from approximately 1963 to 2001, which allegedly resulted in claimant's injury or disease including development of AML with which he was diagnosed in 2004.

20. Attached to the *Diorio* Tender Letter is a schedule of insurance policies under which Valspar sought defense from its insurers. Schedule A to the *Diorio* Tender Letter identifies policies issued by Valspar's insurers including policies listed above issued by Continental and by National Union. See Ex. F.

C. **The *West* Action**

21. By letter dated December 15, 2005, Valspar tendered to its insurers defense of an action against it, i.e., *Juanita West v. Aervoe Industries, Inc. et al. including the Valspar Corporation*, filed in Arkansas state court (the "*West* Action"). (A true and correct copy of the December 15, 2005 letter (the "*West* Tender Letter") is attached as Exhibit G hereto.) Notice to National Union was provided through Gallagher Bassett.

22. The *West* Action alleges exposure to benzene and benzene-containing materials during the course of employment from 1962 through 1992, which allegedly resulted in claimants' injury or disease including development of AML with which he was diagnosed in 2002.

23. Attached to the *West* Tender Letter is a schedule of insurance policies under which Valspar sought defense from its insurers. Schedule A to the *West* Tender Letter identifies policies issued by Valspar's insurers including policies listed above issued by Continental and National Union, respectively. See Ex. H.

D. **The *Rush* Action**

24. By letter dated March 28, 2006, Valspar tendered to its insurers defense of an action against it, i.e., *Betty Jo Rush, individually and as Personal Representative of the Heirs and Estate of Eugene Wallace Rush, deceased, et al. v. AK Steel Corporation, et al., including the Valspar Corporation*, filed in Ohio state court (the "*Rush* Action"). (A true and correct copy of

the March 28, 2006 letter (the "*Rush* Tender Letter") is attached as Exhibit I hereto.) Notice to National Union was provided through Gallagher Bassett.

25. The *Rush* Action alleges exposure to benzene and benzene-containing materials during the course of employment with various companies from as early as 1947 through as late as 1992, which allegedly resulted in claimants' injury or disease including development of cancer, lymphoma and/or AML.

26. Attached to the *Rush* Tender Letter is a schedule of insurance policies under which Valspar sought defense from its insurers. Schedule A to the *Rush* Tender Letter identifies policies issued by Valspar's insurers including policies listed above issued by Continental and National Union, respectively. See Ex. J.

**Defense Provided Subject to Reservation of Rights and Loan Receipt Agreement**

27. Subject to its reservation of rights, Continental agreed to provide a defense to Valspar and advance payment of defense expenses in the form of a non-recourse loan in connection with the *Piling, Diorio, West* and *Rush* Actions. Continental's reservation of rights included *inter alia* the express right to seek and obtain participation by and contribution from any and/or all of Valspar's insurers for any defense and/or indemnity payments made by Continental on Valspar's behalf. Continental and Valspar have an "Interim Loan Receipt and Defense Cost Agreement" (the "Loan Receipt Agreement").

28. Subject to such terms, Continental has advanced payment of defense expenses incurred by Valspar in connection with the *Piling, Diorio, West* and *Rush* Actions.

**Plaintiff's Demand That National Union Participate in Valspar's Defense**

29. Continental notified defendant National Union that it had undertaken defense of Valspar in connection with the Underlying Actions subject to a reservation of rights and was advancing reasonable and necessary defense costs incurred by Valspar in connection with such Actions. (A true and correct copy of correspondence with National Union and/or its counsel is attached as Exhibit K hereto).

30. Based on information and belief, Continental avers that subject to a reservation of rights, each of Valspar's primary insurers (other than National Union) has agreed, or indicated its intent, to defend Valspar and/or contribute to Valspar's defense in connection with the Underlying Actions to the extent the complaint in such action alleges injury during a policy period of a policy issued by each of them.

31. Plaintiff has been communicating with National Union regarding its obligation to defend Valspar. By correspondence dated November 12, 2008 ( true and correct copy of which is attached as Exhibit L hereto), counsel for National Union notified counsel for plaintiff that National Union denies any duty to defend and declines to participate in or contribute to the defense of Valspar in connection with the Underlying Actions.

## CONTROVERSY AND RIPENESS

32. This is an actual, ripe, and live controversy between the parties regarding their respective rights and obligations to provide defense and/or indemnity in connection with the Underlying Actions.

33. Continental has advanced payment of several hundred thousand dollars to Valspar for defense expenses incurred in connection with the Underlying Actions.

34. Continental contends that: (1) National Union has a duty to defend Valspar under one or more of the policies it issued to Valspar, (2) National Union is obligated to contribute to Valspar's defense and (3) Continental is entitled to contribution from National Union for defense costs advanced by Continental in connection with the Underlying Actions.

35. National Union denies a duty to defend Valspar, denies any obligation to contribute to Valspar's defense and denies any right by Continental to contribution.

## COUNT I

### NATIONAL UNION HAS A DUTY TO DEFEND VALSPAR IN CONNECTION WITH THE UNDERLYING ACTIONS

36. Continental repeats and incorporates by reference the allegations in Paragraphs 1 through 35. as if fully set forth herein.

- 8 -

37. The National Union Policies state that National Union has "the right and duty to defend any 'suit' seeking" damages because of bodily injury to which the insurance applies. See § 1.a. of National Union Policy RMGL 249-82-48, Ex. B.

38. Each of the National Union Policies contains identical or substantially similar language regarding the duty to defend.

39. The National Union Policies include the following condition:

> **CHANGES**
> This policy contains all of the agreements between you and us concerning the insurance afforded... This policy's terms can be amended or waived only by endorsement issued by us and made a party of this policy.

40. Each of the National Union Policies contains identical or substantially similar language regarding changes to the policy.

41. Each of the Underlying Actions alleges or would be construed under applicable law to allege exposure and injury during one or more of the policy periods of the National Union Policies.

42. The allegations of each of the Underlying Actions trigger National Union's duty to defend Valspar.

43. Therefore, Continental seeks and is entitled to a judicial declaration that National Union has a duty under one or more of the National Union Policies to defend Valspar in connection with the Underlying Actions.

## COUNT II
## CONTINENTAL HAS A RIGHT OF CONTRIBUTION FROM NATIONAL UNION IN CONNECTION WITH THE UNDERLYING ACTIONS

44. Continental repeats and incorporates by reference the allegations in Paragraphs 1 through 43. as if fully set forth herein.

45. Continental has provided a defense to Valspar in the Underlying Actions by *inter alia* advancing payment of reasonable defense costs (which now exceed several hundred thousand dollars to date) subject to a reservation of rights, including the right to seek and obtain

contribution from Valspar's other insurers, including defendant National Union, and pursuant to the Loan Receipt Agreement.

46. Continental has notified National Union of its defense of Valspar and has demanded that National Union share in the costs of defending Valspar in connection with the Underlying Actions.

47. National Union denies that it has a duty to defend Valspar under any National Union Policy issued to Valspar. National Union refuses to contribute to Valspar's defense.

48. Therefore, Continental seeks and is entitled to obtain an adjudication of the parties' rights and obligations and, more specifically, a judicial declaration that National Union has a duty under one or more of the National Union Policies to defend Valspar in connection with the Underlying Actions and that Continental has a right of contribution and is entitled to contribution from National Union for a share of defense costs advanced by Continental to or on behalf of Valspar in connection with the Underlying Actions.

## PRAYER FOR RELIEF

**WHEREFORE**, Continental prays for judgment as follows:

1. On Count I, a judicial declaration that National Union has a duty to defend Valspar.

2. On Count II, a judicial declaration that Continental has a right of contribution and is entitled to contribution from National Union for defense expenses advanced by Continental to or on behalf of Valspar in connection with the Underlying Actions in an amount to be determined at trial.

3. An award to Continental for all of its costs and expenses incurred in this matter, including reasonably attorneys' fees; and

4.Such other and further relief as the Court deems just, necessary and proper.

DATED: February 9, 2009.

Of Counsel:
Karen Ventrell
TROUTMAN SANDERS LLP
401 9th Street, NW
Washington, DC 20004-2134
Telephone: (202) 662-2051
Facsimile: (202) 654-5845
Email: Karen.Ventrell@troutmansanders.com

*/s/ Jeanne Unger*
Jeanne H. Unger
Bar Number 0131404
BASSFORD REMELE, A Professional Association
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402-3707
Main: 612.333.3000
Direct: 612.376.1633
Fax: 612.746.1233
Email: junger@bassford.com

*Attorneys for Plaintiff Continental Casualty Company*

- 11 -