UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Defendant.<br><br>and<br><br>THE VALSPAR CORPORATION,<br><br>Intervenor-Defendant. | Civil No. 09-287 (JRT/JJG)<br><br><br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

Karen H. Ventrell, **TROUTMAN SANDERS** LLP, 401 Ninth Street NW, Washington, DC 20004; and Jeanne H. Unger and Susan E. Gustad, **BASSFORD REMELE, P.A.**, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402-3707, for plaintiff.

Dale O. Thornsjo, **JOHNSON & CONDON, P.A.**, 7401 Metro Boulevard, Suite 600, Minneapolis, MN 55439-3034, for defendant National Union Fire Insurance Company of Pittsburgh, PA.

Andrew J. Detherage and John P. Fischer, **BARNES & THORNBURG LLP**, 11 South Meridian Street, Suite 1313, Indianapolis, IN 46204; and Jacqueline J. Williams and Kevin R. Coan, **BARNES & THORNBURG LLP**, 100 South Fifth Street, Suite 1100, Minneapolis, MN 55402-1298, for intervenor-defendant The Valspar Corporation.

On February 2, 2009, plaintiff Continental Casualty Company ("Continental") brought this action against defendant National Union Fire Insurance Company of

Pittsburgh, PA ("National Union"), seeking various forms of declaratory relief. On September 1, 2009, United States Magistrate Judge Jeanne J. Graham granted defendant-intervenor Valspar Corporation's ("Valspar") motion to intervene. On September 15, 2009, Continental Casualty filed a motion for judgment on the pleadings or in the alternative for summary judgment. Magistrate Judge Graham issued a Report and Recommendation recommending that the Court grant Continental's motion as to Continental's claim that National Union has a duty to defend Valspar, and recommending that the Court deny the motion in all other respects. National Union and Valspar separately filed objections. The Court reviews *de novo* those portions of the Report and Recommendation to which the parties object. *See* 28 U.S.C. § 636 (b)(1)(C); D. Minn. LR 72.2. For the reasons set forth below, the Court sustains in part and overrules in part National Union and Valspar's objections, rejects the Report and Recommendation, and denies Continental's motion.

## BACKGROUND

### I. THE PARTIES' PLEADINGS

Valspar purchased commercial general liability policies from a number of insurers between approximately 1963 and the present. (Compl. ¶ 8, Docket No. 1.) Those policies generally provide that the insurers have a duty to defend lawsuits "against the insured seeking damages because of bodily injury." (*Id.*) Continental issued five one-year general liability policies to Valspar (the "Continental Policies") for the period between January 1, 1971 and January 1, 1976. (*Id.* ¶ 9.) The Continental Policies, one of

which Continental attached as an exhibit to its Complaint, provided that subject to certain terms, conditions, and limitations, Continental agreed to

> pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of [] bodily injury or [] property damage to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury . . . .

(*Id.* Ex. A p. 7, Docket No. 1.)

Continental alleges on information and belief that National Union provided primary general liability insurance to Valspar under seventeen one-year policies (the "National Union Policies") beginning May 1, 1990 and ending May 1, 2007. (Compl. ¶ 12, Docket No. 1.) Subject to the terms, conditions, and limitations of the National Union Policies, National Union agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. [National Union] will have the right and duty to defend any 'suit' seeking those damages." (*Id.* ¶ 13; *accord id.* Ex. B.) Continental alleges that the National Union Policies state: "This policy contains all of the agreements between you and us concerning the insurance afforded. . . . This policy's terms can be amended or waived only by endorsement issued by us and made a party of this policy." (Compl. ¶ 39, Docket No. 1; *accord id.* Ex. B.) Continental attached to its Complaint as Exhibit B a copy of one of the National Union Policies, and averred that each National Union Policy "contains identical or substantially similar language regarding the right and duty to defend." (Compl. ¶ 14, Docket No. 1.)

Between June 2005 and March 2006, Valspar tendered to its insurers defense of four-toxic tort actions brought against Valspar. (*See id.* ¶¶ 15-26.) The first action, the "*Piling* Action," alleges that Valspar was liable for an individual's injuries arising out of exposure to benzene from approximately 1966 to 1985. (*Id.* ¶ 16.) The second action, the "*Diorio* Action," alleges that Valspar was liable for an individual's injuries arising out of exposure to benzene from 1963 to 2001. (*Id.* ¶ 19.) The third action, the "*West* Action," alleges that Valspar is liable for a former employee's injuries arising out of exposure to benzene and benzene-containing materials from 1962 through 1992. (*Id.* ¶ 22.) The fourth action, the "*Rush* Action," alleges that Valspar is liable for a former employee's exposure to benzene and benzene-containing materials from 1947 to 1992. (*Id.* ¶ 25.)

Subject to a reservation of rights, Continental agreed to provide Valspar with a defense and advance payment of defense costs "in the form of a non-recourse loan," or as described by Continental, an "Interim Loan Receipt and Defense Cost Agreement" (the "Loan Receipt Agreement"). (*Id.* ¶ 27.) Continental's reservation of rights included "the express right to seek and obtain participation by and contribution from any and/or all of Valspar's insurers for any defense and/or indemnity payments made by Continental on Valspar's behalf." (*Id.*) Continental has advanced payment of defense costs to Valspar under the Loan Receipt Agreement in connection with the *Piling*, *Diorio*, *West*, and *Rush* Actions (collectively, the "Underlying Actions"). (*Id.* ¶ 28.)

Continental notified National Union that it had undertaken defense of the Underlying Actions subject to a reservation of rights and was advancing Valspar defense

costs in connection with those actions. (*Id.* ¶ 29.) Continental alleges that while Valspar's other primary insurers have agreed or indicated their intent to defend Valspar and/or contribute to Valspar's defense of the Underlying Actions, National Union "denies any duty to defend and declines to participate in or contribute to the defense of Valspar in connection with the Underlying Actions." (*Id.* ¶¶ 30-31.) In the action before the Court, Continental brings claims for declaratory judgment that National Union has a duty to defend Valspar in the Underlying Actions and that Continental has a right of contribution from National Union in connection with the Underlying Actions. (*Id.* ¶¶ 36-48.)

National Union filed an Answer alleging that the policies between National Union and Valspar were part of a broader "fronting insurance arrangement." Under the arrangement, which National Union refers to as "the Program," Valspar "retained responsibility for adjustment, defense and indemnity of claims," including the claims set forth in the Underlying Actions. (Nat'l Union's Answer ¶¶ 1, 4, 5, Docket No. 11; *see also id.* at 13-14.) National Union specifically "denie[d] that the relationship between National Union and Valspar was exclusively governed by the language recited" by Continental in its Complaint and in Exhibit B to the Complaint. (*Id.* ¶¶ 9-11.) National Union denies that under the Program it has a duty to defend Valspar in connection with the Underlying Actions or that Continental has a right of contribution from National Union. (*Id.* ¶¶ 33-45.) National Union alleges thirty-seven "affirmative defenses." (*Id.* at 13-20.) In particular, National Union alleges that Continental's causes of action are "barred . . . to the extent that the purported 'Loan Receipt Agreement' was entered into after Continental or Valspar's other insurers accepted the defense of the Underlying

Actions." (*Id.* at 14.) National Union alleges that "Continental is not entitled to relief to the extent Continental's policies' 'Other Insurance' clauses apply to shift the amounts at issue to Continental or the other carriers because the Program between National Union and Valspar is a fronting insurance arrangement." (*Id.*) National Union's other affirmative defenses allege that the Program's provisions are not implicated with respect to certain aspects of the Underlying Actions. (*Id.* at 15-20.)

After the Magistrate Judge granted Valspar's motion to intervene, Valspar filed an Answer to Continental's Complaint. Valspar denied that National Union issued certain policies to Valspar. (Valspar Answer at 7, Docket No. 31). Pertinent to the instant motion, Valspar

> denies [Continental's] allegations . . . to the extent they purport to characterize, are different from, or are inconsistent with, the terms of the National Union Policies and any applicable Fronting Program. Valspar denies that either Valspar or National Union have any obligation to defend, or to contribute to the defense of, Valspar under any National Union Policies that are subject to a Fronting Program.

(*Id.* ¶ 14) Valspar "denies that the quoted portion of the National Union Policies [in the Complaint] can be read in isolation, but rather must be considered along with all of the other terms of the Policies and of any Fronting Program." (*Id.* at 16-17.) Valspar alleges that Valspar and National Union do not "owe a defense obligation under any National Union Policies that are subject to a Fronting Program." (*Id.* at 17.) Valspar "denies that Continental may assert any purported right to seek and obtain participation by and contribution from Valspar or National Union under any National Union Policy that is subject to a Fronting Program." (*Id.* at 19.)

## II.     CONTINENTAL'S MOTION

On September 15, 2009, after National Union and Valspar filed their Answers, Continental filed a motion for judgment on the pleadings or, alternatively, for summary judgment.  (Docket No. 32.)  Continental sought a determination that National Union owed a duty to defend Valspar under at least two insurance policies – National Union Policy Nos. RMGL 2498248 for policy year 1990-1991, and RMGL 4181711 for policy year 1991-1992.  (Mem. in Supp. of Mot. for J. on the Pleadings or, Alternatively for Summ. J. at 2, Docket No. 34.)  Continental also sought a declaration that it may seek contribution from National Union under the Loan Receipt Agreement with Valspar and a determination of the amount of contribution owed.  (*Id.* at 10-12.)

National Union and Valspar opposed the motion.  In conjunction with National Union's opposition, National Union attached a declaration including exhibits showing Loan Receipt Agreements at issue in other cases; the "Interim Loan Receipt and Defense Cost Agreement" between Valspar and Continental; and a letter between Continental and Valspar regarding the interim agreement.  (Thornsjo Decl.¶ 2, Docket No. 81.)  In accordance with Federal Rule of Civil Procedure 56(f), National Union also identified additional facts that may be revealed in discovery, including facts indicating what medical "injury" may have "trigger[ed]" National Union's duty to cover defense expenses; and whether additional insurance carriers are responsible for a "share" of Valspar's defense costs.  (*Id.* ¶ 3.)  National Union contends that discovery has not been completed as to those facts because the parties had been engaged in settlement

discussions.  (*Id.*)  Valspar also filed a Rule 56(f) affidavit demonstrating that additional discovery is necessary to determine, *inter alia*, the parameters of Continental and Valspar's Loan Receipt Agreement and the validity of the agreements between Continental and Valspar.  (*See generally* Fischer Aff. ¶¶ 2-11, Docket No. 85.)

On May 20, 2010, the Magistrate Judge filed a Report and Recommendation recommending that the Court grant Continental's motion as to National Union's duty to defend, and deny the motion as to Continental's right to contribution and the amount of that contribution.  (*See generally* Report & Recommendation, Docket No. 136.)  Pertinent to this Order, the Magistrate Judge noted that the parties had all "submitted, and to some extent relied on, matters outside the pleadings.  All parties have also acknowledged there is a significant amount of discovery to complete." (*Id.* at 2.)  Regardless, the Magistrate Judge "treat[ed] Continental's motions as one for judgment on the pleadings [under Rule 12(c)], rather than summary judgment." (*Id.* at 3.)

The Magistrate Judge stated that "[a]ccording to National Union, its insurance relationship with Valspar was far more complex than the [National Union Policies] alone indicate." (*Id.* at 4.)  The Magistrate Judge recognized that in their Answers, "National Union explicitly denied that its insurance relationship with Valspar was governed exclusively by the [National Union Policies]" and "Valspar . . . also denied that National Union has a duty to defend or to contribute costs under the Program." (*Id.*)  The Magistrate Judge identified various documents from the Program as "indemnity agreements, policy and funding schedules, claims service agreements, promissory notes, and letters of credit." (*Id.*)  The Magistrate Judge stated: "[m]any of the documents were

submitted to the Court in opposition to Continental's motion, and the Court has considered them as materials embraced by the pleadings." (*Id.*)

National Union and Valspar filed timely objections to the Report and Recommendation. Both parties argued that the Magistrate Judge improperly applied the Rule 12 standard for a motion for judgment on the pleadings rather than the Rule 56 standard for summary judgment. (Valspar's Objections at 3-8, Docket No. 141; National Union's Objections at 3, Docket No. 143.) Valspar also argued that the Magistrate Judge erred in applying substantive law relating to an insurer's duty to defend, (Valspar's Objections at 8, Docket No. 141), and that the Magistrate Judge erred in failing to grant judgment as a matter of law to Valspar and National Union on the contribution issue, (*id.* at 12). National Union argues that the Magistrate Judge erred in considering Continental's and Valspar's intent in interpreting the plain language of the Loan Receipt Agreement, and in failing to find that National Union and Valspar were entitled to judgment as a matter of law on Continental's claims. (National Union's Objections at 4-11, Docket No. 143.)

## DISCUSSION

National Union and Valspar argue that the Magistrate Judge erred by treating Continental's motion as a motion for judgment on the pleadings and not as a motion for summary judgment. The Court agrees.

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ.

P. 12(c).  The Court analyzes a motion for judgment on the pleadings under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Ashley Count, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).   The Court "accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party."  *Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004).  "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law."  *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006).

"When considering a motion for judgment on the pleadings . . . , the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings."  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations and internal quotation marks omitted).  "If, on a motion under . . . Rule 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d); *see Riehm v. Engelking*, 538 F.3d 952, 961 (8th Cir. 2008).

In this case, Continental filed with its motion a copy of the "Interim Loan Receipt and Defense Cost Agreement."  (Ventrell Decl. Ex. 1, Docket No. 35.)  National Union and Valspar also submitted several documents with their opposition to Continental's motion, including documents relating to the Program.  (*See, e.g.*, Thornsjo Decl. ¶ 2, Docket No. 81; Fischer Aff. Exs. A-F, Docket Nos. 85-87.)  The Magistrate Judge

acknowledged that the parties "submitted, and to some extent relied on, matters outside the pleadings." (Report and Recommendation at 3, Docket No. 136.) Regardless, the Magistrate Judge treated Continental's motion as a motion for judgment on the pleadings. The Magistrate Judge considered documents submitted by National Union and Valspar in opposition to the motion "as materials embraced by the pleadings." (Report and Recommendation at 4, Docket No. 136.)

The Court finds that treating Continental's motion as a motion for judgment on the pleadings was improper. As an initial matter, there is no finding that the documents submitted by Continental, National Union, and Valspar were necessarily embraced by the pleadings. "Most courts . . . view matters outside the pleading as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992) (internal quotation marks omitted). The documents were not attached to the pleadings, the parties submitted the documents with their memoranda in support of an in opposition to Continental's motion, and the documents did not reiterate what the parties said in their pleadings. In particular, National Union and Valspar introduced the evidence to substantiate their assertions in their Answers that the National Union Policies could not be read in isolation and that National Union and Valspar's relationship was defined by a broader universe of agreements.

Further, the Magistrate Judge relied on those documents in addressing whether National Union has a duty to defend:

> National Union argues . . . that other Program documents . . . terminated its duty to defend. The Court disagrees. National Union has failed to identify any language in those documents, or any other Program document, that expressly modified or eliminated its duty to defend. The policies state that their terms can be amended only by written endorsement, and National Union has not identified any endorsement modifying or eliminating the duty to defend.

(Report and Recommendation at 7, Docket No. 136); *see BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003) ("There must be reliance by the district court on the matters outside the pleading before it can be said that a motion to dismiss has been converted into one for summary judgment."). As a consequence, the Magistrate Judge should have treated the motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *see BJC Health Sys.*, 348 F.3d at 688.

The Court further concludes that the motion for summary judgment should be denied in light of National Union and Valspar's submission of Rule 56(f) affidavits. "Under Rule 56(f), a party opposing summary judgment may seek a continuance and postpone a summary judgment decision, but the party opposing summary judgment is required to file an affidavit with the district court showing what specific facts further discovery might uncover." *See Anuforo v. Comm'r*, --- F.3d ---, 2010 WL 3023663, at *6 (8th Cir. Aug. 4, 2010). National Union and Valspar's affidavits demonstrate that additional fact discovery is necessary prior to the Court's decision on the merits at summary judgment.

Because the Court concludes that the Magistrate Judge erred in considering Continental's motion as a motion for judgment on the pleadings and because the Court concludes that Continental's motion for summary judgment should be denied in light of

the affidavits filed, the Court declines to address National Union and Valspar's remaining objections regarding the duty to defend. The Court notes, however, that it is not persuaded the Magistrate Judge erred by not granting National Union and Valspar judgment as a matter of law on Continental's contribution claims.[1]

The Court may grant a non-moving party summary judgment in some circumstances, *see Global Petromarine v. G.T. Sales & Mfg., Inc.*, 577 F.3d 839, 844 (8th Cir. 2009), but summary judgment is not appropriate here. Although the Magistrate Judge concluded that "Continental is not entitled to seek contribution from National Union under the express terms of the Loan Receipt Agreement," the Magistrate Judge determined that the questions whether Valspar and Continental intended to transfer a right of recovery or whether the Court should impose a constructive loan receipt agreement "cannot be determined on the pleadings." (Report and Recommendation at 11, Docket No. 136.) The Court does not conclude here that the parties' intent is admissible where the express terms of the agreement did not transfer a contribution right. Rather, the Court concludes that at this stage of the litigation, no party is entitled to judgment as a matter of law on Continental's claims.

**ORDER**

Based on the foregoing and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

---

[1] The parties extensively argue the impact of the recently decided Minnesota Supreme Court case, *Cargill, Inc. v. Ace American Insurance Co.*, 784 N.W.2d 341 (Minn. 2010). The Court expects that additional discovery will further shed light on *Cargill*'s impact here.

1. Valspar's Objections [Docket No. 141] are **SUSTAINED in part** and **OVVERULED in part** as follows:

   a. Valspar's Objections are **SUSTAINED** as to the objection that the Magistrate Judge erroneously applied the standard for a judgment on the pleadings.

   b. Valspar's Objections are **OVERRULED** in all other respects.

2. National Union's Objections [Docket No. 143] are **SUSTAINED in part** and **OVERRULED in part** as follows:

   a. National Union's Objections are **SUSTAINED** as to the objection that the Magistrate Judge erroneously applied the standard for a judgment on the pleadings.

   b. National Union's Objections are **OVERRULED** in all other respects.

3. The Magistrate Judge's Report and Recommendation [Docket No. 136] is **REJECTED**.

4. Continental's Motion for Judgment on the Pleadings or, Alternatively, for Summary Judgment [Docket No. 32] is **DENIED without prejudice** to Continental's ability to bring a future motion for summary judgment.

DATED: September 30, 2010  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge