UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Defendant,<br><br>and<br><br>THE VALSPAR CORPORATION,<br><br>Intervenor-Defendant. | Case No.: 09-CV-287 (JRT/JJG)<br><br>**WESTCHESTER FIRE INSURANCE COMPANY'S MOTION TO INTERVENE** |

Now comes Westchester Fire Insurance Company, as successor by novation to International Insurance Company Policy No. 523 – 317244 5, through its counsel Cohn Baughman & Martin and Murnane Brandt, and pursuant to Rule 24 of the Federal Rules of Civil Procedure, seeks intervention in this case, and in support thereof states as follows:

**BACKGROUND**

1.      On March 29, 2013, this Court entered a Memorandum Opinion and Order on Motions for Summary Judgment (the "Order") that resolved cross-motions for summary judgment filed by Plaintiff Continental Casualty Company ("Continental") and Intervenor-Defendant The Valspar Corporation ("Valspar").

1

2.      The Order found that National Union Fire Insurance Company of Pittsburgh, PA ("National Union") owed Valspar a duty to defend four lawsuits alleging harmful exposure to Valspar's products ("Underlying Actions"); that Continental has a right to contribution against National Union for certain costs Continental has paid to defend the Underlying Actions; and that under Minnesota law a primary carrier with a duty to defend a claim has the right to seek contribution from another insurance carrier that has a duty to defend that same claim.

3.      In Footnote 46 of the Order, the Court found there were seven primary carriers that owed a duty to defend the Underlying Actions, and that each primary carrier was required to pay a $1/7^{th}$ share of the defense costs incurred to defend the Underlying Actions.

4.      The Court's finding in Footnote 46 that there are seven primary carriers who owe a duty to defend the Underlying Actions was based on the Court's assignment of a defense share to the May 1, 1984 to May 1, 1985 policy period.

5.      Westchester is the successor by novation to an umbrella liability insurance policy issued by International Insurance Company to Valspar providing liability coverage in the May 1, 1984 to May 1, 1985 policy period (the "Westchester Umbrella Policy"). The Westchester Umbrella Policy sits above a primary policy issued by Nationwide Insurance Company ("Nationwide").

6.      On April 12, 2013, Continental filed a letter to the Court pointing out the Court's apparent miscalculation of the number of primary carriers in footnote 46, and

requested that the Court correct the apparent oversight based on the record evidence showing that the Westchester Umbrella Policy is an umbrella, not a primary, policy.

7. On April 19, 2013, Valspar filed a letter to the Court responding to Continental's April 12, 2013 letter objecting to the Court making the correction to the Order requested by Continental.

8. The Court has permitted Continental and Valspar to file briefs setting forth their positions on whether the Order should be corrected.  Continental's brief was filed on May 13, 2013.   Valspar filed its response on May 20, 2013.

9. Federal Rule of Civil Procedure 24 provides in pertinent part:

(a) Intervention of Right.  Upon timely motion, the court must permit anyone to intervene  who:

   (1) is given an unconditional right to intervene by a federal statute; or
   (2) claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or   impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest.

(b) Permissive Intervention

   (1) In General.  On timely motion, the court may permit anyone to intervene who:
   (A) is given a conditional right to intervene by a federal statute; or
   (B) has a claim or defense that shares with the main action a common question of law or fact.

10. Although Westchester is not a party to this case, and therefore would not be bound by the Order, Valspar may rely on the Court's order to try to claim that Westchester has a duty to defend the Chemical Exposure Lawsuits and is responsible for paying a $1/7^{th}$ per capita share of defense costs incurred to defend those lawsuits.

11. Westchester's contractual obligations under the Westchester Umbrella Policy with respect to the Underlying Actions can not be determined on the record before the Court and should not be determined in its absence.  Unlike Valspar's primary carriers, Westchester has not agreed to pay a per-capita share of defense costs.

12. Westchester disputes that the Nationwide primary policy underlying the Westchester Umbrella Policy has been properly exhausted; and disputes in any event that it would owe a duty to defend or to reimburse defense costs incurred to defend the Underlying Actions even if Nationwide policy had been property exhausted.

13. If the Order is not corrected as requested by Continental, Westchester will have an interest in correcting the Order to correctly reflect that the Westchester Umbrella Policy is not a primary policy on "the same level" and covering the "the same risk" as Valspar's primary policies; that Westchester does not have a duty to defend or reimburse defense costs incurred to defend the Underlying Actions; and that Valspar and Valspar's primary insurance carriers do not have any rights of contribution against Westchester for defense costs incurred to defend those lawsuits.

14. If the Order is corrected as requested by Continental or is otherwise amended so as to not include any determination of Westchester's contractual obligations under the Westchester Umbrella Policy, Westchester will withdraw this motion to intervene.

15. If the Order is not be corrected or amended, Westchester's "interest" cannot be adequately protected by the existing parties.

16.     Westchester has diligently sought intervention since learning that its "interest" might be adversely affected if the Order is not corrected, and this Motion is therefore "timely."

17.     Westchester's intervention will not prejudice the existing parties.

18.     If the Court should determine that Westchester does not have a right to intervene under Rule 24 (a), Intervention of Right, Westchester should be permitted to intervene under Rule 24 (b), Permissive Intervention.

WHEREFORE, for the reasons set forth above and for the reasons set forth in the accompanying Memorandum in Support of Motion to Intervene, Westchester Fire Insurance Company respectfully requests that the Court enter an Order granting its motion to intervene.

Respectfully submitted,

Dated: May 23, 2013

s/Nicholas J. O'Connell
Nicholas J. O'Connell, #340832
Murnane Brandt
30 E. Seventh Street, Suite 3200
St. Paul, MN  55101
651-227-9411
noconnell@murnane.com

James F. Martin, admitted *pro hac vice*
Cohn Baughman & Martin
333 W. Wacker Drive, Suite 900
Chicago, IL  60606
312- 753-6600
james.martin@mclolaw.com

1643131