IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Continental Casualty Company, | Court File No.: 09-CV-00287 (JRT/JJG) |
| Plaintiff, | |
| | |
| vs. | **DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S RESPONSIVE MEMORANDUM TO WESTCHESTER FIRE INSURANCE COMPANY'S MOTION TO INTERVENE** |
| National Union Fire Insurance Company of Pittsburgh, PA, | |
| Defendant, | |
| And | |
| | |
| Valspar Corporation, | |
| Intervenor - Defendant. | |

## INTRODUCTION

Defendant National Union Fire Insurance Company of Pittsburgh, PA. ("National Union"), for its Response to Westchester Fire Insurance Company's ("Westchester") Motion to Intervene [Doc. 245], states as follows.

Westchester is not entitled to intervene in this action under Fed. R. Civ. P. 24(a), and should not be permitted to intervene under Fed. R. Civ. P. 24(b). As discussed below, under either Rule, the Motion is untimely. As to the substantive issues, Westchester is not entitled to intervene as of right because it has not established that all conditions entitling it to a right of intervention are satisfied. As well, Westchester should also not be allowed to permissively intervene because such an intervention either prejudices the existing litigants from testing Westchester's anticipated factual submission

in support of its contemplated summary judgment motion, or needlessly delays the present litigation by opening up a new period of time to conduct discovery on the issues Westchester presents.

## I.     WESTCHESTER'S MOTION IS UNTIMELY.

"Whether a person moves for 'intervention of right' or for 'permissive intervention,' the motion must be timely." *American Civil Liberties Union of Minnesota v. Tarek ibn Ziyad Academy*, 643 F. 3d 1088, 1093 (8th Cir. 2011) (*citing* Fed. R. Civ. P. 24; *NAACP v. New York*, 413 U.S. 345, 365, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973)). Timeliness of an intervention motion is a threshold issue. *United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 831-32 (8th Cir. 2010). "[T]imeliness of a motion to intervene is a decision within the district court's discretion." *Tarek ibn Ziyad Academy*, 643 F. 3d at 1093 (*citing Minn. Milk Producers Ass'n. v. Glickman*, 153 F.3d 632, 646 (8th Cir.1998)).

Factors the district court specifically considers in determining whether an intervention motion is timely are:

> (1)   the extent the litigation has progressed at the time of the motion to intervene;
>
> (2)   the prospective intervenor's knowledge of the litigation;
>
> (3)   the reason for the delay in seeking intervention; and
>
> (4)   whether the delay in seeking intervention may prejudice the existing parties.

*Id.* (*citing United States v. Ritchie Special Credit Invs.*, 620 F.3d 824, 832 (8th Cir.2010); *United States v. Union Elec. Co.*, 64 F.3d 1152, 1159 (8th Cir.1995)).

Determining the number of "shares" involved in allocating defense costs has been an issue in litigation involving consecutively triggered coverage years since at least 2006. *See, e.g.*, *Wooddale Builders, Inc. v. Maryland Cas. Co.*, 722 N.W.2d 283, 304 (Minn. 2006) (defense costs are apportioned equally among insurers whose policies are triggered for defense purposes). This allocation method was reinforced in 2010 when the Minnesota Supreme Court decided carriers have a right of equitable contribution for the defense costs it incurs. *Cargill, Inc. v. Ace American Ins. Co.*, 784 N.W.2d 341 (Minn. 2010) (insurer whose policy is triggered for defense purposes "has an equitable right to seek contribution for defense costs from any other insurer who also has a duty to defend the insured, and whose policy has been triggered for defense purposes"). Therefore, Westchester cannot say it was unaware of the issue it now raises given these cases were decided prior to or early on in this litigation.

An examination of this action's record establishes this litigation has progressed beyond a point where Westchester's Intervention Motion can be considered timely. This is especially so given the "share" issue Westchester raises has been a part of this action since its inception. The issue Westchester seeks to inject was initially raised in Plaintiff Continental Casualty Company's ("Continental") February 9, 2009 Complaint [Doc. 1]. In the Complaint, Continental states it defended the four underlying actions at issue under a reservation of its "express right to seek and obtain contribution from Valspar's other insurers . . . ." Complaint [Doc. 1] at ¶ 1; see also ¶ 8 (allegations that Valspar purchased

3

insurance from a number of insurers since at least 1963 to the present, a timeframe which includes the year of the Westchester policy), ¶ 27 (similar allegations to ¶ 1), ¶ 48 (Continental seeks only a "share" of its defense costs from National Union).  At no point does Westchester claim it was unaware of Continental's Complaint or this litigation, an express point to be considered in the Court's timeliness analysis.  *Tarek ibn Ziyad Academy*, 643 F. 3d at 1093.

The next significant date in the Court's analysis is August 17, 2009, the deadline to add parties [Doc. 16].  Westchester did not move the Court to intervene by this deadline.

The "share" issue was further raised in the Rule 12(c)/56 Motion briefing filed by the parties beginning in September 2009 [Docs. 34, 80, and 84].  Continental's initial briefing sought one-half of the at-issue defense costs [Doc. 34, p. 12].  National Union and Valspar opposed this disproportionate proposed allocation, noting at least seven shares were implicated under Continental's theory [Doc. 80, pp. 28-29; Doc. 84, pp. 4, 31-32].  National Union expressly stated Continental's theories implicated other insurer's defense obligations such that other insurers should have been added to the action no later than January 2010 (a point in time when an intervention may still have been timely) [Doc. 80, pp. 28-29].  At no point does Westchester claim it was unaware of the Rule 12(c)/56 Motion briefing filed by the parties.

The next significant date in the Court's analysis is the date by which all remaining discovery was ordered to be concluded – April 29, 2012 [Doc. 172].  Westchester did not

move the Court to intervene by this deadline, even though now Westchester claims it needs to provide the Court with a full and complete factual record to assert its interests.

The "share" issue was again raised in the parties' briefing on the cross-motions for summary judgment beginning in May 2012 [Docs. 186, 192, 200 and 214]. Valspar argued a one-seventh or one-eighth share of defense expenses was a proper share allocation, citing to Continental's own corporate witness [Docs. 186, pp. 32-33; 200, pp. 2, 21, 36]. Continental argued a one-sixth share was a proper share allocation [Docs. 192, p. 28; 214, p. 9]. Again, at no point does Westchester claim it was unaware of the parties' briefing on the cross-motions for summary judgment starting in May 2012.

Westchester asserts it timely responded to its challenged interest once Valspar filed its April 19, 2013 letter [Doc. 225] objecting to Continental's April 12, 2013 letter [Doc. 223] seeking modification of the "share" ruling. However, Westchester does not explain how either of these letters assert any positions different from those put at issue in Continental's February 2009 Complaint, or in the two prior rounds of Motion briefing in September 2009 and May 2012. In fact, the issues raised in the letters are the same issues raised long ago in the litigation.

More important to the Court's analysis, however, is Westchester's failure to cite reasons for its delay in seeking intervention in light of its apparent knowledge of the litigation and that the litigation long ago specifically raised the issue Westchester now seeks to advocate. This lack of any explanation is fatal to the Motion's timeliness. *Tarek ibn Ziyad Academy*, 643 F. 3d at 1093 (intervention motion untimely when filed fourteen months after suit filed, more than a month after the deadline to add parties, and the

5

movant offered no adequate explanation for the lengthy delay in moving the Court).  A movant's "undisputed prior knowledge and long delay in filing [a] motion to intervene weighs heavily against intervention." *American Civil Liberties Union of Minnesota v. Tarek ibn Ziyad Academy*, 2010 WL 1840301 at * 8 (D. Minn. 2010) (*citing Arrow v. Gambler's Supply, Inc.*, 55 F.3d 407, 409 (8th Cir. 1995)), *aff'd* 643 F. 3d 1088 (8th Cir. 2011).

The Court is also required to consider whether the delay in seeking intervention may prejudice the existing parties.  *Tarek ibn Ziyad Academy*, 643 F.3d at 1093.  In *Tarek ibn Ziyad Academy*, the court determined the action's existing parties would be prejudiced because the parties had already engaged in extensive motion practice, commenced written discovery, and begun taking depositions, by the time the intervention motion was filed.  *Id.* at 1094.  The prejudice to the existing litigants is even more severe in the case before the Court.  Not only has discovery commenced, but discovery was long ago completed.  Therefore, Westchester seeks to submit an extensive factual record without the ability of the present litigants to conduct discovery on the very points Westchester seeks to assert.  As well, extensive motion practice, including arguments on the issues Westchester seeks to raise, has already been conducted and completed. Therefore, the prejudice to the existing parties here is significantly greater than in *Tarek ibn Ziyad Academy*.  This further confirms the Motion is untimely and should be denied.

An Intervention Motion which seeks to resolve the issue Westchester raises is no longer timely when the issue is known by a party, the litigation in which the issue is raised is known by a party, and the issue on which it seeks intervention was previously

briefed and submitted to the Court.  The timely opportunity for Westchester to advocate its interests has simply passed.  Westchester may certainly now bring its own action to address the issue it raises, but the time to interject its issue in this case is over.  For these reasons, the Westchester Motion should be denied as untimely.

## II.   WESTCHESTER IS NOT ENTITLED TO INTERVENTION AS OF RIGHT.

If an Intervention Motion is timely, a party seeking intervention as of right must establish it:

(1)   has a recognized interest in the subject matter of the litigation;

(2)   that might be impaired by the disposition of the case; and

(3)   that will not be adequately protected by the existing parties.

*Curry v. Regents of University of Minnesota*, 167 F. 3d 420, 422 (8th Cir. 1999) (*citing Standard Heating & Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 571 (8th Cir.1998)); *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir.1997)); *Animal Protection Inst. v. Merriam*, 242 F.R.D. 524, 527 (D. Minn. 2006).  Westchester fails to establish all of these requirements are therefore entitle it to intervention as of right.

Westchester twice admits it will not be impaired by the disposition of this case.  In its brief [Doc. 247], Westchester admits that, as a non-party, it is not bound by the Court's rulings in this case.  *See* Westchester Memorandum at pp. 12, 16.  Therefore, Westchester's abilities to protect its interests will not be impeded if it is denied intervention.  *Merriam*, 242 F.R.D. at 528 (a litigant's interests are impaired by an

action's outcome if the action changes the movant's abilities to assert its legal rights); *see also*, *Meridian Homes Corp. v. Nicholas W. Prasasas & Co.*, 683 F.2d 201, 204 (7th Cir. 1982) ("impairment" of interest occurs when movant is foreclosed from asserting its rights in a subsequent proceeding).  If Westchester's concerns about any Valspar attempt to utilize the Court's ruling to urge Westchester to assume a full share of defense costs comes to fruition, then Westchester is free to litigate the issue at a later date. Westchester's positions in that later case, however, will not be impaired by the disposition of this case.  This is simply not the type of a situation where its rights would be eroded if not presently asserted such as where its abilities to access a depleting fund are delayed to the point it could not be fully compensated.  *See e.g.*, *Zurich Capital Markets, Inc. v. Coglianese*, 236 F.R.D. 279, 286 (N.D. Ill. 2006) (movant's interest impaired if the movant's ability to be fully compensated is diminished by denying intervention).  Therefore, Westchester fails to establish that the second factor recited above is satisfied.

Westchester also fails to minimally establish that Continental's efforts do not adequately protect Westchester's interests in eliminating one "share" from the fractional denominator to be utilized to determine the amount at issue in this action.  Westchester seeks to lessen the denominator by one number for the reasons stated in its Intervention Motion.  However, Westchester's papers sell Continental short as Continental also seeks to lessen the denominator by one number so it may seek a larger dollar amount in this case.  Since both Continental's and Westchester's interests are aligned in this regard, Westchester's interests in the desired outcome are adequately protected.

In sum, even if Westchester's Motion is timely, it has failed to establish each of the three additional requirements necessary to be entitled to intervene as of right are satisfied.  For this reason, the Court should deny Westchester's Motion.

### III.   WESTCHESTER FAILS TO ESTABLISH IT IS ENTITLED TO PERMISSIVELY INTERVENE IN THE ACTION.

Fed. R. Civ. P. 24(b)(1)(B) governs whether a movant may be permitted to intervene.  If the Motion is timely, "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  *Id.*  "The decision to grant or deny a motion for permissive intervention is wholly discretionary."  *South Dakota ex rel. Barnett v. U.S. Dep't. Of Interior*, 317 F. 3d 783, 787 (8th Cir. 2008); *see In Re Baycol Products Litigation*, 214 F.R.D. 542, 543 (D. Minn. 2003).  However, the principal consideration in ruling on a permissive intervention motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights.  Fed. R. Civ. P. 24(b)(3); *South Dakota ex rel. Barnett*, 317 F. 3d at 787.

Westchester states that if the Court does not grant Continental the relief it seeks in its Motion, Westchester's intervention will be required so the carrier may present an extensive factual record for the Court to consider as part of its arguments.  Such a submission will prejudice the adjudication of the existing parties' rights.  Discovery is closed.  Therefore, Westchester is actually proposing it make its factual presentation without the "facts" being tested by discovery.  Such an outcome prohibits the existing

litigants from adequately preparing for the anticipated summary judgment motion discussed by Westchester, thus prejudicing the parties' rights and abilities to adjudicate the claims Westchester seeks to add to the litigation.

Westchester may state that to eliminate this prejudice, the Court should open up discovery to allow the parties to test the Westchester factual assertions.  However, this alternative would establish the other basis on which the Court should deny the permissive intervention motion – an undue delay in the present litigation.  Any suggestion of an additional discovery period needlessly delays the present case from proceeding to its resolution after now four years of litigation.  Further delay in the case to open up new factual issues weighs in favor of denying the permissive intervention request.

In sum, Westchester's permissive intervention request must fail because it either prejudices the parties from conducting discovery on Westchester's assertions, or unduly delays resolution of the present case in order to discover the factual basis for Westchester's contentions.

## CONCLUSION

For the reasons stated above, the Court should deny Westchester's Motion.  First, it is untimely.  Second, it fails to establish Westchester's right to intervene.  Third, permissive intervention would either prejudice the present parties or unduly delay the present case from moving towards conclusion.

Respectfully submitted,

O'MEARA, LEER, WAGNER & KOHL. P.A.

Dated:  May 30, 2013.

<u>       s/ Dale O. Thornsjo       </u>
Dale O. Thornsjo         (#162048)
Mark R. Azman         (#237061)
Suite 600
7401 Metro Boulevard
Minneapolis, MN 55439-3034
Telephone: (952) 831-6544
E-Mails:  DOThornsjo@OLWKLaw.com
              MRAzman@OLWKLaw.com

Attorneys for Defendant National Union
   Fire Insurance Company of Pittsburgh, PA.

11